IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-31209
Summary Calendar
_____


BILLY SINCLAIR,

                              Plaintiff-Appellant,

                    versus

KELLY WARD, Warden,

                              Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Louisiana
(95-CV-896)
_____
June 26, 1997

Before REAVLEY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Billy Sinclair argues that the district court erred in dismissing his complaint as frivolous.  Sinclair alleged that his temporary placement as a protected inmate in a disciplinary detention unit deprived him of his liberty interest in his classification status and the privileges accompanying that status.  Sinclair also alleged that his placement in that unit

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for an extended lockdown constituted the imposition of cruel and unusual punishment and violated his right to equal protection. Sinclair also alleged that the defendant warden retaliated against him by assigning him a farm line job because he exercised his right of access to the courts and his right to file complaints against prison officials and employees.

Although appellant did not proceed *in forma pauperis*, under the provisions of the 1996 Prison Litigation Reform Act, the district court correctly determined that Sinclair's complaint was frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Sinclair's temporary assignment to a detention unit usually reserved for discipinary violations, his assignment to a different prison job, or termination of trusty status do not implicate protected liberty interests. *Sandin v. Connor,* __U.S.__, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995). *See also Meachum v. Fano*, 427 U.S. 215, 228 (1976). Additionally, as Sinclair has failed to allege or demonstrate that his position as a litigant has been prejudiced by being denied access to a law library or not being allowed to purchase a typewriter while in lockdown, he has not shown that his constitutional right of access to the courts has been violated. *Eason v. Thaler,* 73 F.3d 1322 (5th Cir. 1996).

Sinclair argues for the first time on appeal that he was subjected to on-the-job harassment, monitoring of mail and

telephone calls in retaliation for his filing complaints concerning wrongdoing in the prison.  Because Sinclair failed to raise these claims properly in the district court, these issues must be reviewed for plain error only.  *See United States v. Calverley*, 37 F.3d 160, 162-164 (1994)(en banc).  Sinclair's allegations and the responses to his administrative complaint do not raise an inference of a retaliatory motive, and these claims require the resolution of factual issues which do not rise to the level of plain error.  Thus these issues are not subject to review.

AFFIRMED.